IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH A. PEREZ on behalf of PETER M. VELEZ, deceased, <br>      Claimant, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] <br><br>      Respondent. | No. 16 C 7864 <br><br> Jeffrey T. Gilbert <br> Magistrate Judge |

## ORDER

This matter is before the Court on Claimant's Motion for Attorney's Fees under the Equal Access to Justice Act ("Motion") [ECF No. 28]. On August 4, 2016, Deborah A. Perez, on behalf of her deceased brother Peter M. Velez ("Claimant"), filed a complaint for judicial review of an administrative decision denying his applications for Disability Insurance Benefits and Supplemental Security Income. Complaint, [ECF No. 1]. On August 29, 2017, the Court issued a Memorandum Opinion and Order reversing the decision of Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"), under sentence four of 42 U.S.C. § 405(g) and remanding this case to the Social Security Administration for further proceedings. Memorandum Opinion and Order, [ECF No. 26]. On the same day, the Court entered judgment in Claimant's favor. Judgment, [ECF No. 27]. In the Motion now before the Court, Claimant

---

[1] On January 23, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25, Berryhill is automatically substituted as the Defendant in this case. No further action is necessary to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

1

seeks an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $10,167.81. Claimant's EAJA Reply, [ECF No. 33], at 2.[2]

The EAJA provides that a court shall award reasonable attorneys' fees and other expenses to a "prevailing party" in a civil action against the United States. 28 U.S.C. § 2412(d)(1); *see United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078–79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)). A party seeking an award of fees and expenses must show "(1) he was a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the application for fees is timely filed with the district court." *Olvey v. Colvin*, 2015 WL 5672622, at *1 (S.D. Ind. Sept. 25, 2015). In this case, there is no dispute that Claimant is entitled to recoup some amount in attorneys' fees. The parties only disagree about whether Claimant's requested total of $10,167.81 is unreasonably high.

The Commissioner first argues that the roughly 50 hours of attorney time expended by Claimant's counsel is excessive and unreasonable because this is a routine social security case. To determine whether a claimant's hours spent on the case were reasonable, a court considers factors such as the complexity of the case, the number and type of issues raised, and the size of the administrative record. *English v. Colvin*, 2015 WL 5227854, at *4 (S.D. Ind. Sept. 8, 2015). Even when assessing the reasonableness of the hours expended, the "court 'is not in the business of divining why a particular attorney reads or writes at a certain rate of speed in one case and a different rate in another.'" *Id.* at *5 (quoting *Delgado v. Astrue*, 2012 WL 6727333, at *3 (N.D. Ill. Dec. 28, 2012)). "The standard range for hours worked on Social Security litigation in the Seventh Circuit is 40–60 hours." *Bohannon v. Colvin*, 2017 WL 192334, at *2 (N.D. Ind. Jan.

---

[2] In her initial Motion, Claimant sought $10,031.34. Claimant's Motion, [ECF No. 28], at 7. In her reply brief, Claimant increased the amount sought by $136.47 to account for the work performed in preparing the reply.

2

18, 2017); *see also Coleman v. Colvin*, 2016 WL 6563485, at *3 (S.D. Ill. Nov. 4, 2016) (citing another case for the proposition that "the 'permissible range'" is "'generally speaking' 40 to 60 hours") (quoting *Schulten v. Astrue*, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010)); *Witt v. Colvin*, 2016 WL 3049568, at *2 (N.D. Ind. May 31, 2016) (citing another case for the same proposition); *Trump v. Colvin*, 2015 WL 970111, at *4 (N.D. Ill. Mar. 2, 2015) (same).

The Commissioner is right that there is nothing out of the ordinary about this case. The administrative record was 459 pages. Administrative Record, [ECF No. 5-1]. The substantive portions of Claimant's opening brief filled 15 pages and covered three arguments in support of reversal. Claimant's Opening Brief, [ECF No. 12]. Claimant's reply brief was 11 pages long and directly responded to arguments raised by the Commissioner in her response brief rather than merely regurgitating the arguments she made in her opening brief. Claimant's Reply, [ECF No 25]. The Court does not see why this matter should have demanded more or less work by Claimant's attorneys than the normal social security case. The typicality of this case, however, does not undercut Claimant's fee request and, instead, supports it. After all, the attorney time underlying Claimant's fee application falls right in the middle of the standard range cited by other courts in this Circuit. Therefore, the Court rejects the Commissioner's contention that Claimant's attorneys spent an unreasonable number of hours working on this case.

The Commissioner also argues that Claimant's attorneys' hourly rate of $196.31 is too high—by roughly $10—because Claimant calculated the rate using the Consumer Price Index-All Urban Consumers ("CPI-U") rather than a Chicago-specific CPI. Early last year, in *Cummings v. Berryhill*, this Court addressed the same issue and concluded that use of the CPI-U was appropriate. 2017 WL 926766, at *2–3 (N.D. Ill. Mar. 8, 2017). The Commissioner has not cited authority that post-dates *Cummings* or offered new arguments that were not considered in

*Cummings*. Therefore, the Court remains unconvinced that using a regional CPI is the better approach.

For all of these reasons, Claimant's Motion for Attorney's Fees under the Equal Access to Justice Act [ECF No. 28] is granted.

It is so ordered.

                                                                                          _____
                                                                                          Jeffrey T. Gilbert
                                                                                          United States Magistrate Judge

Dated: February 7, 2018